**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **ORANGIE BURRIS** | **CIVIL ACTION NO. 08-1859** |
|     **La. DOC #130339** | |
| **VS.** | **SECTION P** |
| | **JUDGE JAMES** |
| **FRANKLIN PARISH DETENTION** | |
| **CENTER, ET AL.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Pro se plaintiff Orangie Burris, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 21, 2008. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC). He is incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana, and he complains that the defendants, Franklin Parish Sheriff Steve Pylant and FPDC Warden Chad Lee, have denied him the opportunity to participate in "rehabilitation" programs. He prays for an order directing his transfer to another facility. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff is an inmate in the custody of the LDOC; he is currently incarcerated at the FPDC. He complains that FPDC does not offer him "... any chance to further his rehabilitation, in which to better himself in preparation for his re-entry into society..." He also complains that the LDOC (which he does not name as a defendant) breached their "contract of his sentence." He

asks the court to order the LDOC or FPDC to place him in a half-way house or work-release

facility such as "D.C.I., LaSalle, Rayville, Caldwell, Minden..."

## *Law and Analysis*

### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to

42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of

process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A;

28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2

F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157

F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given

broad discretion in determining when such complaints are frivolous. *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint  specifically details his theories of liability. There is no need to allow further amendment.  As is shown below, his claims are frivolous.

## 2. Due Process Concerns

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).  Plaintiff has not identified the violation of a particular provision of the Constitution; however, his claims could arise under either the Due Process Clause of the Fourteenth Amendment or the prohibition against cruel and unusual punishment embodied in the Eighth Amendment.

In order to state a Constitutional claim for either a substantive or procedural due process violation, the plaintiff must demonstrate that he was "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." *Wooley v. City of Baton Rouge*, 211 F.3d 913, 919 (5th Cir.2000); accord *Sandin v. Conner*, 515 U.S. 472, 481-83, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (a prisoner has a liberty interest only in

"freedom[s] from restraint ... impos [ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Bryan v. City of Madison*, 213 F.3d 267, 274 (5th Cir.2000), *cert. denied*, 531 U.S. 1145, 121 S.Ct. 1081, 148 L.Ed.2d 957 (2001)(property interest). "While no State may deprive any person of life, liberty or property, without due process of law, it is well-settled that only a limited range of interests fall within this provision. Liberty interests protected by the Fourteenth Amendment may arise from two sources – the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (quotation and citation omitted).

Inmates do not a have a protected property or liberty interest in prison employment. *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir.1989) ; *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.1988). Nor do prisoners have a constitutional right to participate in drug treatment programs. See *Moody v. Doggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Prisoner classification and eligibility for rehabilitation programs are not subject to "due process" protections). The "state has no constitutional obligation to provide basic educational or vocational training to prisoners." *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir.1988). Nor do prisoners have a constitutional right to "social services." *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991). Thus, to the extent that plaintiff implies that the defendants have violated his Fourteenth Amendment rights to due process, his claim is frivolous.

### 3. Eighth Amendment Concerns

Likewise, to the extent that plaintiff contends that the failure of defendants to provide the types of services he desires amounts to cruel and unusual punishment in violation of the Eighth Amendment, his claim fares no better. The lack of a rehabilitative programs does not by itself

constitute cruel and unusual punishment, nor does the Eighth Amendment require the provision

of every amenity needed to avoid mental, physical, or emotional deterioration. See *Alberti v.*

*Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir. 1986), citing, *Newman v. Alabama*, 559 F.2d 283,

291 (5th Cir.1977), *cert. denied*, 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978).

### 4. Transfer to Another Prison

Finally, plaintiff implies that he has a right to be transferred to some other prison. Again,

he is mistaken. Prisoners do not have a constitutionally derived liberty interest in being held in

any particular institution. See *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49

L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983);

*Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*,

729 F.2d 362, 368 (5th Cir. 1984);  *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

### 5. Conclusion and Recommendation

Plaintiff's claims are manifestly frivolous and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

**PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in

accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 22, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE